UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-0843-JST (MLGx)            Date:  November 10, 2011
Title:  Fena Alexander v. American Express Company, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                  Not Present

**PROCEEDINGS:**   (IN CHAMBERS) ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 21) AND (2) DENYING DEFENDANTS' MOTION TO STRIKE (Doc. 21-5)

    Before the court is a Motion to Dismiss and Strike Plaintiff Fena Alexander's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), filed by Defendants American Express Company and American Express Travel Related Services Company, Inc. ("Defendants").  (Doc. 21.)  Plaintiff has filed an opposition (Doc. 23), and Defendants have replied (Doc. 24).  The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing scheduled for November 14, 2011 at 10:00 am is VACATED.  For the reasons set forth below, the Court DENIES Defendants' Motion to Dismiss and Strike.

    **I.**     **Background**

    Plaintiff filed her Second Amended Complaint ("SAC") in this Class Action on September 9, 2011.  (Doc. 20.)  Plaintiff asserts claims for failure to pay compensation in violation of the Fair Labor Standards Act ("FLSA"), unfair competition under California Business and Professions Code § 17200 *et seq.*, and failure to pay overtime wages, failure to provide accurate itemized wage statements, and failure to provide meal and rest periods, all in violation of the California Labor Code.
    Defendants move to dismiss or to strike the entire Complaint on the basis of a failure to sufficiently plead class allegations.  (Def.'s Mem. of P. & A., at 2-14, Doc. 21-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-0843-JST (MLGx)                         Date:  November 10, 2011
Title:  Fena Alexander v. American Express Company, et al.

Defendants also seek to dismiss Plaintiff's claim for failure to provide an accurate wage statement, and to strike Plaintiff's allegations regarding a three-year statute of limitations under the FLSA.  (*Id.* at 15-18.)

## II.     Legal Standard

       a.  *Motion to Dismiss*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  The issue on a motion to dismiss for failure to state a claim "is not whether the [claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  However, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).

       b.  *Motion to Strike*

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-0843-JST (MLGx)                              Date:  November 10, 2011

Title:  Fena Alexander v. American Express Company, et al.

Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

   "[M]otions to strike, as a general rule, are disfavored."  *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981).  This is because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice."  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quoting Schwarzer, et al., *Federal Civil Procedure* § 9:375).  "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

   **III.   Discussion**

           a.   *Motion to Dismiss or Strike Class Allegations*

   Defendants argue that Plaintiff's class allegations are defective because the putative Class is not ascertainable, the claims among putative Class members do not meet the commonality requirement of Rule 23, and Plaintiff's claims are not typical of the putative Class.  (Def.'s Mem. of P. & A., at 2-3.)  Therefore, Defendants argue that the class allegations should be dismissed, or in the alternative, stricken.
   While Defendants cite a Ninth Circuit case for the proposition that the Court may dismiss and strike class allegations on the pleadings, the case Defendants cite dismissed the complaint in the context of a Rule 23 motion, not a 12(b)(6) or 12(f) motion.  *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 207 (9th Cir. 1975).  In fact, it is rare to strike or dismiss class allegations in advance of a motion for class certification.  *Cholakyan v. Mercedes-Benz USA, LLC*, --- F. Supp. 2d ----, 2011 WL 2682975, at *21 (C.D. Cal. June 30, 2011) (surveying numerous cases refusing to dismiss or strike class allegations before the class certification stage, particularly when discovery on class certification is not yet complete).  Where, as here, "defendant has yet to file an answer and discovery has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 11-0843-JST (MLGx) | Date:  November 10, 2011 |
| Title:  Fena Alexander v. American Express Company, et al. | |

begun . . . it is premature to determine if this matter should proceed as a class action." *Id.* at *22.  Accordingly, the Court denies Defendants' motion to dismiss or strike Plaintiff's class allegations.

> b. *Motion to Dismiss Claim for Failure to Provide An Accurate Wage Statement*

Plaintiff alleges that "[d]uring the relevant period, Defendants regularly provided wage statements . . . indicating thirty-five (35) hours worked per week, when in fact Plaintiff . . . regularly worked approximately forty-five (45) to fifty (50) hours per week." (SAC ¶ 141.)  Plaintiff alleges that, as a result, she and other purported California Class Members were damaged in the form of unpaid wages.  (SAC ¶ 144.)  Defendant argues that this claim should be dismissed because Plaintiff's injury is insufficient to state a claim under California Labor Code § 226.

In *Wang v. Chinese Daily News, Inc.*, the court addressed an almost identical factual scenario, in which the employer's "wage statements consistently reflected 86.66 hours worked (regardless of the number of hours actually worked) and omitted the hourly wage paid . . . ."  435 F. Supp. 2d 1042, 1050, *cert. granted, vacated*, --- S.Ct----, 2011 WL 4529967 (2011).  The court found that the employee suffered injury "because (1) the employee might not be paid overtime to which she was entitled and (2) the absence of an hourly rate prevents an employee from challenging the overtime rate paid by [the employer]." *Id*.  Although Plaintiff here does not allege that the hourly wage rate was missing, Plaintiff does allege that Defendants' wage statements consistently listed the same number of hours worked.  As the *Wang* court noted, "this lawsuit, and the difficulty and expense Plaintiffs have encountered in attempting to reconstruct time and pay records, is further evidence of the injury suffered as a result of [the employer's] wage statements. Plaintiffs' ability to calculate unpaid and miscalculated overtime is complicated by the missing information required by Section 226(a)."  *Id.* at 1050-51.  Here, Plaintiff alleges the same injury.  Therefore, Defendants' Motion to Dismiss Plaintiff's claim under California Labor Code § 226 is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 11-0843-JST (MLGx) | Date:  November 10, 2011 |
| Title:  Fena Alexander v. American Express Company, et al. | |

      c.  *Motion to Strike Three Year Statute of Limitations Under FLSA*

    Plaintiff alleges that Defendants intentionally, knowingly, and willfully failed to properly ensure that Plaintiff and putative Class Members were properly classified as exempt under FLSA.  (SAC ¶ 47.)  In order to support her allegations that Defendants' conduct was willful, Plaintiff alleges that Defendants are "a longstanding sophisticated corporation with an in house legal department" and therefore "were aware of the applicable federal laws and regulations governing wages and overtime compensation."  (*Id*. at ¶ 83.)  Plaintiff further alleges that Defendants were aware employees were working through meal and rest periods because Defendants recently administered a training to employees who work remotely in which Defendants acknowledged that "employees would work 'so long and hard during a day that the [employee] didn't get up once except to eat or use the bathroom.'"  (*Id*. at ¶¶ 135, 143.)  Defendants argue that these allegations fail to support Plaintiff's allegations that Defendants' violations under FLSA were willful, and therefore fail to support a three-year statute of limitations.  (Def.'s Mem. of P. & A., at 16-17.)

    The statute of limitations for FLSA actions is three years for "willful" violations and two years for "non-willful" violations.  29 U.S.C. § 255(a).  Under *McLaughlin v. Richland Shoe Co.*, willfulness requires that the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  486 U.S. 128, 133 (1988).  Neither an employer's knowledge that the "FLSA was in the picture," nor even the employer's unreasonable determination of its legal obligation under FLSA, are sufficient to support willfulness.  *Id.* at 132-35.

    Here, Plaintiff's allegations that Defendants presented a training instructing some employees to "set boundaries" because they were working too long and hard, combined with the allegations that Plaintiff and other putative California Class Members received wage statements indicating thirty-five hours worked per week, suggest that Defendants knew that their conduct was prohibited by the FLSA.  *See Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1219-20 (N.D. Cal. May 27, 2011) (denying defendant's motion to dismiss allegations proposing a three-year statute of limitations where plaintiffs "alleged that defendant knew that the work performed by plaintiffs required minimum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-0843-JST (MLGx)            Date:  November 10, 2011
Title:  Fena Alexander v. American Express Company, et al.

wage and overtime pay, that defendant instructed them to work long hours without proper pay, that employees complained to defendants about these practices.")  Therefore, the Court DENIES Defendant's Motion to Strike Plaintiff's allegations of a three-year statute of limitations.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss or Strike.

Initials of Preparer:  <u>enm</u>