MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD (SBN 119513)
jbattenfeld@morganlewis.com
JASON S. MILLS (SBN 225126)
jmills@morganlewis.com
KATHY H. GAO (SBN 259019)
kgao@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:   213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
SHARON A. LISITZKY (Admitted *Pro Hac Vice*)
slisitzky@morganlewis.com
200 S. Biscayne Blvd., Suite 5300
Miami, FL  33131-2339
Tel: 305.415.3369
Fax: 305.415.3001

Attorneys for Defendants
AMERICAN EXPRESS COMPANY and AMERICAN
EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENA ALEXANDER, on behalf of herself, and on behalf of all persons similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., and DOES 1 to 100, inclusive,,<br><br>                    Defendants. | Case No. SACV 11-00843 JST (MLGx)<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**<br><br>**"DISCOVERY MATTER"**<br><br>Courtroom:   6A<br><br>Mag. Judge:  Hon. Marc L. Goldman |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

WHEREAS, Plaintiff Fena Alexander ("Plaintiff") seeks the disclosure of information and documents that constitute: trade secrets, confidential and proprietary research, development, and/or commercial information; or private, personal or other information entitled to be treated as confidential under Fed. R. Civ. P. 26(c) (hereinafter "Confidential Information") of Defendants American Express Company and American Express Travel Related Services Company, Inc. (collectively "Defendants").

WHEREAS, Plaintiff and Defendants (collectively "the Parties") have met and conferred with one another in good faith, and the Parties agree that a stipulated protective order is necessary to protect the Confidential Information.

WHEREAS, the Parties agree that in order to conduct meaningful discovery in accordance with the Federal Rules of Civil Procedure ("FRCP"), a stipulated protective order is necessary and outweighs the interests of the public to gain access to litigation documents and information that may be based in whole or in part upon the information contained within such discovery. *See Phillips v. GM Corp.*, 307 F.3d 1205, 1209-11 (9th Cir. 2002).

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties and by and between their undersigned counsel, for a protective order governing the treatment of confidential information pursuant to Fed. R. Civ. P. 26(c), and the parties respectfully request that the Court hereby order as follows:

1.      This Protective Order governing the treatment of Confidential Information (the "Protective Order") shall govern the handling of all documents, testimony and discovery responses, including all copies, excerpts, and summaries thereof (collectively "Material"), provided during the course of the above-captioned case (the "Litigation") by the Parties to the Litigation or by non-parties, either voluntarily or as required by discovery requests made pursuant to the FRCP.

2.      Whether or not designated as "Confidential Material," or "Attorneys-Eyes Only Confidential Material," as defined in paragraph 6 below, the Material

2

shall be used only for purposes of investigating, preparing for, and conducting the Litigation in which such Material is produced, including any appeals thereof, and shall not be used by the parties or any other person for any commercial, business, competitive, or other purpose without the prior written consent of the Producing Person, as defined in Paragraph 6 below, or their counsel.

3.     This Protective Order is entered for good cause.  This Protective Order is entered into to protect certain "Confidential Material" of the parties, as defined in Paragraph 6 below.  In agreeing to this Protective Order, however, neither party waives any objection to the request, disclosure, or use of any Confidential Material.

4.     The provisions of this Protective Order shall apply to any "person," which, as used herein, shall include:  (a) the parties to the Litigation; and (b) any other person or entity receiving, producing, or disclosing Material in the Litigation.

5.     This Protective Order shall not apply to any document, testimony or other information that:  (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the parties; (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

6.     Any person who produces Materials (a "Producing Person") may at any time designate said materials as "Confidential" or "Attorneys-Eyes Only Confidential," as applicable, provided that such Producing Person believes in good faith that the Materials contain:  (a) trade secrets, confidential and proprietary research, development, and/or commercial information; or private, personal or other information entitled to be treated as confidential under Fed. R. Civ. P. 26(c); (b) any information in the custody, possession, or control of a Producing Person, the disclosure of which, absent this Protective Order, could constitute a violation of any

3

third party's right of privacy or otherwise violate an obligation of confidentiality that such Producing Person owes to a third party; (c) any information appropriately designated as "Attorneys-Eyes Only" information under the applicable legal standard in this jurisdiction; and/or (d) any information by the nature of the circumstances surrounding disclosure, ought in good faith to be treated as proprietary or confidential.  In addition, any party may designate as "Confidential" any Material that is produced by any other party or any third party that such party believes in good faith contains Confidential Information as set forth in (a)-(d) above.  Each party shall have thirty (30) days from the actual receipt of any Material produced by any other party, or any third party, to designate any such Material as "Confidential."  During this thirty-day period, any person receiving any such Material shall treat that Material as "Confidential" under the terms of this Protective Order.  Any Material designated as "Confidential" in accordance with this Protective Order will also render "Confidential" any copies, excerpts, summaries, or other documents reflecting or referring to the substance or contents of such Material.

7.    Confidential Material shall be subject to the following restrictions:

a.    Confidential Material shall not be given, shown, made available, or communicated in any way to anyone except those Qualified Persons, specified in sub-paragraph (b) below, to whom it is necessary that such Confidential Material be given or shown for the purposes permitted under paragraph 2 above.

b.    Confidential Material may be disclosed, for the purposes set forth in paragraph 2 above, only to a "Qualified Person," defined as follows:

i.    counsel of record for the Parties and attorneys, clerical, paralegal, and other staff employed by such counsel who are assisting in the conduct of the Litigation;

ii.    the Parties and those officers and employees of the Parties deemed necessary to aid counsel in the conduct of the

4

Litigation, subject to paragraph 8 below;

        iii.    witnesses (other than parties) during any interview, deposition, hearing, or informal meeting conducted by counsel for the Parties, subject to paragraph 8 below;

        iv.    such consultants and experts retained by the Parties, or their respective counsel, as they, in good faith, deem necessary to provide assistance in connection with the conduct of the Litigation, subject to paragraph 8 below;

        v.    the Court, court personnel, and jurors, subject to Paragraph 15 below;

        vi.    court reporters and their employees used in connection with the conduct of the Litigation;

        vii.    mediators and their employees used in connection with any efforts to mediate the Litigation;

    c.    Confidential Material shall not be provided to counsel, consultants, or expert witnesses employed by the Parties in any other litigation or administrative proceeding, or used for any purposes other than investigating, preparing for, and conducting the Litigation, including any appeals thereof. If any such counsel, consultant, or expert witness also is counsel, a consultant, or an expert witness in the Litigation, such counsel, consultant, or expert witness shall not use any Confidential Material in any other litigation or administrative proceeding.

    8.    Except for the Parties, those Qualified Persons described in subparagraphs 7(b)(ii) through 7(b)(iv) above to whom Confidential Material is disclosed shall first be provided with a copy of this Protective Order and advised that such Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order, and that Confidential Material may not be disclosed other than pursuant to the terms hereof. Qualified Persons to whom Confidential

1    Material is disclosed shall further execute the attached Certification before such

2    persons may be given access to Confidential Material.  It shall be the responsibility

3    of counsel providing such access to Confidential Material to provide each Qualified

4    Person to whom Confidential Material is disclosed a copy of this Protective Order

5    and the attached Certification, and to retain a signed copy in counsel's files.  Any

6    Qualified Person to whom Confidential Material is provided pursuant to this

7    paragraph shall destroy such Confidential Material no later than sixty (60) days

8    following the termination of the Litigation, including any appeals thereof, and

9    provide written confirmation of the same.

10         9.    If a party inadvertently discloses Confidential Material to anyone who

11    is not a Qualified Person, such disclosure shall be reported in writing to the

12    Producing Person who produced such inadvertently disclosed Confidential Material

13    within five (5) business days of knowledge of such inadvertent production.  In that

14    event, counsel for the party who made the inadvertent disclosure shall make all

15    reasonable efforts to retrieve the Confidential Material and any documents

16    containing such Confidential Material and to obtain the agreement of persons to

17    whom inadvertent disclosure was made to treat the Confidential Material in

18    accordance with the terms of this Protective Order.

19         10.    All documents and things that are produced in the Litigation, whether

20    voluntarily or as required under the FRCP, if such documents or things contain

21    Confidential Material, shall bear a stamp stating "Confidential," or "Attorneys-Eyes

22    Only Confidential" on each page of any such document or on a sticker affixed to

23    any such tangible thing, unless such designation would be unduly burdensome, in

24    which case the designating party may designate the categories of documents that

25    contain such material (*e.g.,* all policies of the Defendants).

26         11.    Documents or testimony previously provided shall be retroactively

27    designated by notice in writing of the appropriate confidentiality designation within

28    sixty (60) days of the entry of this Protective Order.  Documents unintentionally

1  produced without the applicable confidentiality designation may be retroactively

2  designated in the same manner and shall be treated appropriately from the date

3  written notice of the designation is provided to the receiving party.  Documents to

4  be inspected shall be treated as confidential during inspection.  At the time of

5  copying for the receiving party, such inspected document shall be stamped with the

6  appropriate confidentiality designation by the producing party.

7          12.     Inadvertent or unintentional disclosure of attorney-client privileged or

8  work-product Material shall be subject to the following:

9          a.     Upon written notice by the Producing Person within fifteen (15)

10  business days of learning of the inadvertent or unintentional disclosure of attorney-

11  client privileged or work-product Material, which Material will be specified by

12  identifying the Bates number designations, or such other information as to

13  reasonably describe the Material, the Producing Person shall notify the party who

14  received the Material (hereinafter the "Receiving Party") that such Material was

15  unintentionally disclosed.  Such inadvertent or unintentional production, absent a

16  further court order, shall not constitute a waiver of the attorney-client privilege or

17  work-product immunity.

18          b.     Thereafter, the Receiving Party shall return within five (5)

19  business days the originals and all copies of the Material specified in the aforesaid

20  written notice, subject to paragraph (c) below.

21          c.     If, however, the Receiving Party disagrees that the Material is

22  protected from disclosure by the attorney-client privilege or work-product

23  immunity, or asserts that there has been an intentional waiver of privilege or

24  immunity which encompasses the Material, the Receiving Party may keep one (1)

25  copy of such Material while it moves the Court, within fifteen (15) business days of

26  the Producing Person's written notice of inadvertent or unintentional disclosure, for

27  an order that such Material be produced, in which case, the party claiming the

28  privilege or immunity shall have the burden of proving that such privilege or

7

immunity exists.  The Receiving Party shall not use or rely upon any such Material until after the resolution of any such motion by the Court.

        d.    If the Receiving Party fails to file the aforesaid motion in a timely fashion, then the Receiving Party, within five (5) business days after the time to file said motion has expired, will return the originals and all copies of the Materials that were not previously returned.

        e.    Notwithstanding the foregoing procedure, the Parties agree that with respect to voluminous electronically stored information ("ESI") produced in electronic form, pursuant to Federal Rule of Evidence 502(d), attorney-client privilege and work product protection shall not be waived.  Clawback of any attorney-client or work-product documents from voluminous ESI productions shall take place in accordance with the time frames set forth in paragraphs 12(a) and (b) above.

13.    In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in sub-paragraph 7(b)(iii) above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in Paragraph 10 above.

14.    Testimony or exhibits disclosed at a deposition may be designated as Confidential Material by the person providing such testimony, by either of the parties, or by a Producing Person, if such person either:

        a.    identifies on the record at the deposition those portions of the testimony or exhibits that are designated as Confidential Material; or

        b.    provides written notification to all parties within thirty (30) days after receipt of the transcript as to those pages and lines of the transcript or exhibits that are designated as Confidential Material.  The entire transcript of any deposition shall be treated as Confidential Material until thirty (30) days after the transcript is received.  Each page of deposition transcript and exhibit designated as Confidential

Material, and any copies thereof, shall be stamped, as set forth in Paragraph 10 above, by the court reporter or counsel.

15. Any party seeking to file documents containing unredacted Confidential Material with the Court must move the Court for leave to file such documents under seal by filing the documents with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous application pursuant to L.R. 79-5.1 (hereinafter the "Interim Sealing Application"). The Interim Sealing Application shall be governed by L.R. 79-5.1. The party that files a motion, memorandum or the like under seal shall, within five (5) business days of the filing, file a public version of the sealed document with the Confidential Material redacted.

16. No party concedes that any Material designated by any other person as Confidential Material under any provision of this Protective Order does, in fact, contain or reflect trade secrets, proprietary, or confidential information or has been properly designated as Confidential Material, and entering into this Protective Order shall not prejudice, in any way, the right of a party to seek at any time a determination by the Court of whether any particular Material should be subject to the terms of this Protective Order. If the Court determines that any Material designated as Confidential Material is not Confidential, any receiving person may treat the Material without any restriction.

17. A party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. In the event that any party to this action disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential Material" or the designation of any person as a "Qualified Person," the parties shall first meet and confer, consistent with L.R. 37-1. If the dispute cannot be resolved informally, in accordance with L.R. 37-1, the parties shall formulate a written stipulation to be

9

filed with the notice of motion to be filed with the Court.  Pending resolution of such issues, the Material shall remain designated as Confidential Material.  Any party may seek an order from the Court modifying this Protective Order.  The parties may, by stipulation, provide for exceptions to this Protective Order, however, no modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

18.     Should any non-party seek access to Confidential Material produced in the Litigation, by request, subpoena, or otherwise, the party or other recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of such requested access.  If any receiving party:  (a) is subpoenaed in another action; (b) is served with a demand in another action to which he, she, or it is a party; or (c) is served with any other legal process by one not a party to the Litigation seeking Confidential Material which was produced, the receiving party shall give actual written notice, by hand, electronic mail, or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to those who produced or designated the Material.  The receiving party shall not produce any of the Producing Person's Confidential Material unless ordered by a court to do so until the later of:  (a) the date of production specified in, or required by, the subpoena, demand, or other legal process; or (b) the date that any objection by the Producing Party to production of the Confidential Material is resolved by the Court.  The Producing Person shall be solely responsible for asserting any objection to the requested production.

19.     Nothing in this Protective Order constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work-product protection, or any other privilege.

20.     Where any dispute arises under this Protective Order, including any effort to contest the designation of Confidential Material, the parties shall first meet

10

1   and confer in good faith to resolve the dispute informally as required by L.R. 37-1.

2   If the dispute cannot be resolved informally, the parties shall formulate a written

3   stipulation to be filed with the notice of motion to be filed with the Court pursuant

4   to L.R. 37-1.

5     21. Prior to the use of any Confidential Material at any hearing to be held

6   in open court, counsel who desires to so use such Confidential Material shall take

7   reasonable steps to preserve the confidentiality of the Material and to submit a

8   motion to file under seal, pursuant to the Local Rules, at or immediately following

9   the hearing for the portion of the record and/or any exhibits that contain

10  Confidential Material.

11    22. This Protective Order shall continue to be binding throughout and after

12  the conclusion of the Litigation, including any appeals thereof.

13    23. Within sixty (60) days after the conclusion of the Litigation, including

14  all appeals thereof, all Confidential Material, and all copies thereof, shall be

15  destroyed.  Counsel for the Parties shall certify, in writing, that all such

16  Confidential Material within their possession or control has been destroyed.

17  Notwithstanding the foregoing, counsel for the Parties may retain pleadings, other

18  papers filed with the Court or served in the course of the Litigation, interrogatories

19  and responses, requests for production and the responses thereto, deposition

20  transcripts, and work product, subject to the limitations concerning their use stated

21  herein.

22           **<u>ORDER</u>**

23  IT IS SO ORDERED.

24  

25  Dated:  July 03, 2012

        MARC L. GOLDMAN
        _____
         HONORABLE MARC L. GOLDMAN

26  

27  

28  

DB2/ 23313422.2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENA ALEXANDER, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., and DOES 1 to 100, inclusive,,<br><br>Defendants.. | Case No. SACV 11-00843 JST (MLGx)<br><br>**ACKNOWLEDGEMENT – PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**<br><br>Courtroom:   6a<br><br>Mag. Judge:  Hon. Marc L. Goldman |

ACKNOWLEDGEMENT – PROTECTIVE ORDER

Governing THE TREATMENT OF CONFIDENTIAL INFORMATION

I hereby certify under penalty of perjury and pursuant to 28 U.S.C. § 1746 as follows:

1.  Confidential Material is being provided to me pursuant to the terms and restrictions of the "Protective Order" governing the treatment of confidential information, which was entered in the above-captioned case.

2.  I have been given a copy of and have read that Protective Order and agree to be bound by it.

3.  I understand that all such Confidential Material and copies, including, but not limited to, any notes or other materials relating or referring to such Confidential Material shall be destroyed no later than sixty (60) days after the termination of this proceeding.

Signature:_____

Name:_____

Affiliation:_____

Business Address:_____

Dated:_____

12
